**[DO NOT PUBLISH]**

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE ELEVENTH CIRCUIT**
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 7, 2005
THOMAS K. KAHN
CLERK

**No. 05-11024**
**Non-Argument Calendar**
_____

D. C. Docket No. 04-00098-CR-CB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT SYLVESTER BRYANT,

Defendant-Appellant.

_____

**Appeal from the United States District Court**
**for the Southern District of Alabama**
_____

**(December 7, 2005)**

Before ANDERSON, BIRCH and KRAVITCH, Circuit Judges.

PER CURIAM:

Robert Sylvester Bryant was indicted for possession of a firearm by a

convicted felon, in violation of 18 U.S.C. § 922(g).  After being stopped by police,

Bryant was found in possession of drugs and a firearm. Police later learned that the firearm was stolen and that Bryant had a prior felony conviction. Bryant agreed to plead guilty without a written plea agreement to being a felon in possession of a firearm.

The probation officer recommended a base offense level of 14 under U.S.S.G. § 2K2.1, with a two-level increase under § 2K2.1(b)(4) because the firearm was stolen, and a four-level increase under § 2K2.1(b)(5) because Bryant possessed the firearm in connection with another felony. With a three-level reduction for acceptance of responsibility, the total offense level was 17. Bryant's criminal history category was III based on several prior drug-related convictions, which resulted in a guidelines range of 30 to 37 months imprisonment. Bryant did not file any objections to the PSI.

At sentencing, the district court implicitly adopted the PSI. Bryant offered a detailed explanation of his criminal history, but did not make any objections to the category as calculated. The court explained that the guidelines were advisory "but strongly so," and that the court should "follow [the guidelines] absent, some as yet undefined by caselaw, extraordinary or unusual circumstances." The court went on to say there were "new guidelines for judges. The guidelines are still law. And judges are to follow the guidelines. Unless there is some extraordinary

circumstance that takes the case out of what is called the heartland of the guidelines." After noting Bryant's lengthy criminal history, the court stated: "I don't have the discretion to depart downward." The court determined that a sentence at the low end of the guidelines range was the only sentence it found appropriate and that the law would allow. Thus, the court imposed a sentence of 30 months imprisonment to "meet the objectives of punishment, deterrence, and incapacitation," stating that "the sentence was reasonable under the guidelines." Bryant objected to the court's refusal to use its discretion. The court clarified that it had the discretion but that the facts and circumstances of the case did not fall within that discretion.

On appeal, Bryant argues that the court erred in imposing the sentence because it gave too much weight to the guidelines and failed to give equal weight to the other sentencing factors of 18 U.S.C. § 3553(a), an approach which ignores the remedial holding in Booker and prevents the imposition of a reasonable sentence.

Because Bryant preserved his Booker[1] challenge in the district court, we review the sentence de novo.[2] United States v. Paz, 405 F.3d 946, 948 (11th Cir.

_____

[1] United States v. Booker, 543 U.S. –, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

[2] Bryant did not object to the PSI's enhancements based on (1) the stolen firearm, and (2) the use of the firearm in connection with another offense. Because he did not object to these findings, they are deemed admitted and there is no constitutional error. United States v. Burge, 407

2005).  To meet its burden of showing that a statutory error was harmless, the government  must show that, viewing the proceedings in their entirety, the error had no effect or a very slight effect on the sentence.  United States v. Mathenia, 409 F.3d 1289, 1291-92 (11th Cir. 2005).

To the extent that Bryant argues that the court effectively applied the guidelines in a mandatory fashion, that argument is without merit.  When viewed in the context of the sentencing proceeding as a whole, the district court's statements indicate that it understood that the guidelines were advisory, and that, although it had discretion to depart, it did not find that the facts of the case justified a departure.  Thus, viewing the sentencing proceeding as a whole, we conclude that there was no error.

Moreover, Bryant's sentence is reasonable.  United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005); United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005).  After Booker, the court must correctly calculate the guidelines range.  Crawford, 407 F.3d at 1179; United States v. Jordi, 418 F.3d 1212 (11th Cir. 2005).  "Courts remain[ ] obliged to 'consult' and 'take into account' the

---

F.3d 1183, 1191 (11th Cir.), petition for cert. filed, (No. 05-5601) (July 27, 2005).  Moreover, there is no constitutional error in the application of extra-verdict enhancements supported by a preponderance of the evidence as long as the court applied the guidelines in an advisory manner. United States v. Chau, slip op. at 54 (No. 05-10640) (11th Cir. Sept. 27, 2005).  Thus, the only issue is whether there was a statutory error as if the guidelines were applied in a mandatory fashion.

4

[g]uidelines in sentencing, and the guidelines remain an essential consideration in the imposition of federal sentences, albeit along with the factors in § 3553(a)." Crawford, 407 F.3d at 1178 (internal quotations omitted). Nothing in the Booker decision instructs that the § 3553(a) factors must be weighed equally with the guidelines.

Here, in imposing sentence, the court indicated that it had considered the sentencing factors set forth in § 3553(a),[3] and that a sentence at the low end of the guidelines range was appropriate to achieve punishment, deterrence, and incapacitation. In reaching this conclusion, the court considered the offense of conviction, Bryant's criminal history, and the guidelines range. The court is not required to discuss each of the § 3553(a) sentencing factors, but the record reflects that the district court considered the factors in addition to the guidelines range in determining a reasonable sentence. United States v. Scott, 2005 WL 2351020, at *4 (11th Cir. Sep 27, 2005).

---

[3] After Booker, "[s]ection 3553(a) remains in effect, and sets forth numerous factors that guide sentencing. Those factors in turn will guide appellate courts, as they have in the past, in determining whether a sentence is unreasonable.'" Winingear, 422 F.3d at 1241 (quoting Booker, 125 S.Ct. at 766). "The factors in § 3553(a) include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (4) the need to protect the public; and (5) the Guidelines range." See 18 U.S.C. § 3553(a); see also United States v. Scott, 2005 WL 2351020, at *4 (11th Cir. Sept. 27, 2005).

**Accordingly, we AFFIRM.**